UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| BRANDON S. MANLEY, | ) ) ) ) |
| Plaintiff, | ) ) Civil No. 3:23-cv-00016-GFVT-CJS ) |
| v. | ) ) **MEMORANDUM OPINION** |
| FRANKLIN COUNTY, KENTUCKY, *et al.*, | ) **&** ) **ORDER** ) |
| Defendants. | ) ) ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Manley wants to add new defendants to his lawsuit. But there's a problem: the statute of limitations has expired. Because the proposed defendants do not "relate back" to the original Complaint, the Court will **OVERRULE** the Plaintiff's objections and **ADOPT** Judge Smith's Report and Recommendation.

**I**

Mr. Manley experienced fentanyl withdrawals as a pre-trial detainee in the Franklin County Jail. [R. 1.] During his withdrawals, he alleges, various Defendants exhibited deliberate indifference to his serious medical needs. *Id.* On March 14, 2023, Mr. Manley filed his lawsuit. *Id.* Then, after the statute of limitations expired, he requested leave to amend his Complaint to add new defendants. [R. 39.] Manley identified these purported defendants in the initial Complaint as "all persons whose initials and/or badge numbers appear on the observation records for Brandon Manley for March 24-27, 2022." [R. 1 at 6.]

Manley does not contest that the statute of limitations on his 42 U.S.C. § 1983 claim expired in 2023.  [R. 67 at 3–4.]  *See Robinson v. Butler Cnty.*, No. 4:18-CV-00172-JHM-HBB, 2020 WL 7389740, at *3 (W.D. Ky. Dec. 16, 2020) ("[I]n § 1983 actions, courts apply the relevant state statute of limitations to determine whether the claim is timely filed."); Ky. Rev. Stat. Ann. § 413.140; *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) ("[S]ection 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a)."); *Phillips v. Lexington-Fayette Urb. Cnty. Gov't*, 331 S.W.3d 629, 634 (Ky. Ct. App. 2010) ("Because [plaintiff] alleges negligence, the applicable statute of limitations is one year pursuant to KRS 413.140(1)(a).").  Nevertheless, he states that the amendment should be permitted because it "relates back" to the contents of the original Complaint.  Judge Smith disagreed.  This Court adopts Judge Smith's recommendation.[1]

## II

### A

Generally, a party may not amend after the statute of limitations has lapsed.  *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").  But there's an exception: an otherwise untimely amendment is permitted when it "relates back" to the original complaint.  *See generally Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010).  A proposed amendment "relates back" when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

---

[1] Manley does not object to the remainder of Judge Smith's recommendation to disallow the portion of the amendment asserting additional factual allegations.  [R. 67 at 3.]

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a **mistake concerning the proper party's identity.**

Fed. R. Civ. P. 15(c)(1).

**B**

Manley urges the applicability of the mistaken identity carve-out in Rule 15(c)(1)(C). The Court is not persuaded. "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run[.]" *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). And in the Sixth Circuit, "naming placeholders such as 'Jane Doe' do not satisfy the mistake requirement of Rule 15." [R. 63 at 4.] It's easy to see why: "a lack of knowledge as to the identity of a defendant does not constitute a '*mistake*[.]'" *Zakora v. Chrisman*, 44 F.4th 452, 481 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 2608 (2023) (emphasis added) (internal citation omitted); *see id.* at 482 ("Rule [15(c)] allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe,' 'Unknown Defendants' or other missing appellations."). "Applying this rule here," Judge Smith appropriately determined that "the claim[s] against [all individuals whose names appear on Manley's records] clearly do[] not 'relate back' under Rule 15(c)(1)(C)(ii)." *Id.*

Mr. Manley rejects this characterization, asserting that his Complaint did not employ a generalized "placeholder" within the meaning of *Cox* and *Zakora*. [R. 67 at 4.] Instead, he argues, his Complaint specifically refers to "all persons whose initials and/or badge numbers appear on the observation records for Plaintiff" on the dates in question. Based on this

3

distinction, Manley urges the application of a purportedly similar Seventh Circuit decision. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1123 (7th Cir. 2022) (determining that a law enforcement agent's identifying code name (there, "ATF UC 3749") was materially distinguishable from a placeholder for the purposes of relation back).

The Court disagrees. Even if *Rodriguez* were binding on this Court, it is factually distinct. First, it involved a code name for a *particular person*; whereas Manley's Complaint does not provide a specific identifier (such as a badge number) for any of the would-be defendants. Second, the *Rodriguez* plaintiff made a literal "mistake" within the meaning of Rule 15: he identified the agent defendant by a code name because he "believed that use of the codes was essential to preserve the agents' undercover status[.]" *Id.* at 1123. Here, there is no indication that Manley made a *mistake*. Instead, it appears he just didn't know which officers were on his observation logs. *See Zaroka*, 44 F.4th at 482 ("[Plaintiff] 'did not make a mistake about which defendant to sue; [he] simply did not know whom to sue or opted not to find out within the limitations period.'" (quoting *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012))).

Manley again objects, asserting that *Kruspki v. Costa Crociere S. p. A.* permits relation back when a defendant knows that he should have been named in the initial complaint. 560 U.S. 538, 552 (2010); [R. 67 at 5–7.] But "the requirements of the relation back rule for changing parties are not disjunctive." *Medley v. Shelby Cnty.*, No. 13-cv-35-GFVT, 2015 WL 2041780, at *3 (E.D. Ky. Apr. 30, 2015). Indeed, notice was relevant in *Krupski* because the Plaintiff *mistakenly* sued the wrong party. *Cf. Krupski*, 560 U.S. at 554–56.

4

Without a mistake, the presence of notice makes little difference. *See* Fed. R. Civ. P. 15(c)(1)(C); *Zakora*, 44 F.4th at 482 ("[Plaintiff] goes to great lengths to convince us that [proposed defendant] had constructive knowledge of the suit, but this argument fails to appreciate the difference between the notice requirement of Rule 15(c)(1)(C)(i) and the mistake requirement of Rule 15(c)(1)(C)(ii)."). And as Judge Smith points out, "when [a] plaintiff 'cannot satisfy the mistaken identity prong of Rule 15(c)(1)(C) as a matter of law, the Court need not decide whether [] defendants had constructive or actual notice of the suit[.]'" [R. 63 at 5 (quoting *Medley*, 2015 WL 2041780, at *3).] Therefore, Judge Smith correctly determined that the requested amendment is foreclosed by Sixth Circuit precedent.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Judge Smith's Report and Recommendation **[R. 63]** is **ADOPTED** as and for the Opinion of the Court;
2. Plaintiff's Objections to the Report and Recommendation **[R. 67]** are **OVERRULED**; and
3. Plaintiff's Motion for Leave to Amend **[R. 39]** is **DENIED.**

This the 2d day of July, 2024.

Gregory F. Van Tatenhove
United States District Judge